Craig M. Murphy, Esq.
California Bar No. 314526
craig@nvpilaw.com
MURPHY & MURPHY LAW OFFICES
4482 Market Street, Ste 407
Ventura, CA 93003
(805) 330-3393 Phone
(702) 369-9630 Fax

Attorney for Plaintiff
ANNTONETTE SARTORI

Robert L. Sallander, Esq., (SBN 118352)
rsallander@gpsllp.com
Helen H. Chen, Esq., (SBN 213150)
hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787

Attorneys for Defendant
THOMSON INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNTONETTE SARTORI,<br><br>Plaintiff(s),<br><br>v.<br><br>THOMSON INTERNATIONAL, INC., et al.,<br><br>Defendant(s). | Case No. 1:22-cv-00027-JLT-BAK (SKO)<br><br>**STIPULATED MOTION TO CONSOLIDATE DISCOVERY OF DEFENDANT THOMSON INTERNATIONAL, INC. & ORDER**<br><br>Temporary Magistrate Judge: Hon. Sheila K. Oberto<br><br>Date Action Filed: January 6, 2022<br>Trial Date: October 31, 2023 |

The parties, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 42(a)(3), hereby move to consolidate the discovery of defendant Thomson International, Inc. ("Thomson") in the following six actions filed in this Court:



Greenan, Peffer, Sallander & Lally LLP

1) *Sartori v. Thomson International Inc.*, Case No. 1:22-cv-00027-JLT-BAK (SKO)

2) *Garofalo v. Thomson International Inc.*, Case No. 1:22-cv-00037-JLT-BAK (SKO)

3) *Paquette v. Thomson International Inc.*, Case No. 1:22-cv-00034-JLT-BAK (SKO)

4) *Jackson v. Thomson International Inc.*, Case No. 1:22-cv-00038-JLT-BAK (SKO)

5) *Austin v. Thomson International Inc.*, Case No. 1:22-cv-00388-AWI-BAK

6) *Sams v. Thomson International Inc.*, Case No. 1:22-cv-00387-DAD-BAK

The parties request consolidation because the above six cases involve common issues of fact and law. Consolidation would promote judicial convenience and economy given the number of potential witnesses that otherwise would be required to give the same testimony in multiple proceedings. This Motion is supported by the following Memorandum of Points and Authorities.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I. Factual Background**

As shown above, there are six separate lawsuits that have been filed by plaintiffs who allege they developed *Salmonella* Newport infections in the summer of 2020 after allegedly consuming onions grown by defendant Thomson. All plaintiffs are represented by the law firms of Murphy and Murphy and Marler Clark. The sole defendant in all six cases is Thompson International Inc., which is represented by the law firm of Greenan, Peffer, Sallander & Lally LLP.

The Court has issued scheduling orders in the first four cases listed above. The first four cases have been assigned to Judge Jennifer L. Thurston. Judge Sheila K. Oberto is the Temporary Magistrate Judge in all four cases. These four cases have the same discovery deadlines, but different trial dates. Non-expert deadlines for the four cases are December 12, 2022.

*Austin v. Thomson International Inc.*, Case No. 1:22-cv-00388-AWI-BAK is currently assigned to Judge Anthony W. Ishii. Mandatory Scheduling Conference is set for August 16, 2022.

*Sams v. Thomson International Inc.*, Case No. 1:22-cv-00387-DAD-BAK is currently assigned to Judge Dale A. Drozd. Mandatory Scheduling Conference is set for July 7, 2022.

/ / /

/ / /

## II. Legal Argument

Fed. R. Civ. P. 42(a) provides:

> (a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

### a. Consolidation Promotes Judicial Efficiency

To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *April in Paris v. Becerra*, 494 F. Supp. 3d 756, 771-72 (E.D. Cal. 2020). The purpose of consolidation is to avoid unnecessary cost and delay. *Id.* A district court may even consolidate actions *sua sponte* as part of its broad discretion to manage its caseload if such cases "involve a common question of law or fact." *In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987). "Typically, consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

Because all six cases arise from the allegations against defendant Thomson for allegedly causing the 2020 *Salmonella* Newport outbreak, consolidating the discovery of Thomson allows the cases to be handled in the most efficient way and avoid inconsistent results. Consolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of pretrial discovery and motion practice. *Id.*

#### 1. The cases involve common issues of law and fact.

All six lawsuits assert the same factual allegations against defendant Thomson and pursue the same legal theories. Plaintiffs advance causes of action based on strict liability, negligence, negligence *per se*, and breach of warranty. The cases involve substantial overlapping discovery against Thomson. The common factual and legal issues involved in these cases justify coordination.

/ / /

**2. Consolidation would promote the just and efficient conduct of litigation.**

Pre-trial coordination of discovery of defendant Thomson in six cases would prevent duplicative discovery, thereby promoting the just and efficient conduct of litigation. The complexity and similarities of the cases warrant coordination.

Substantial discovery against defendant Thomson will be pursued through written discovery, corporate representative depositions, third-party witness depositions, records production and expert witness testimony. It is expected that a number of expert witnesses across multiple disciplines will be retained to address the various scientific and medical issues.

Coordination will minimize the potential for inconsistent rulings on the common legal and evidentiary issues involved in these cases, prevent disparate treatment of defendant and avoid litigation difficulties of managing these cases before different judges. Placing all actions before a single judge, who can formulate and monitor a pretrial discovery program, will advance judicial economy, reduce the overall litigation management burdens and conserve the resources of the parties, their counsel and the judiciary. All of the factors discussed above weigh in favor of consolidation as it serves to "avoid unnecessary costs or delay" of the litigation as contemplated by Fed. R. Civ. P. 42(a).

## III. Conclusion

For the foregoing reasons, the parties respectfully request that discovery of Thomson in all six cases be consolidated pursuant to Fed. R. Civ. P. 42(a)(3):

(1) That the discovery of Thomson conducted and completed in one of the above six cases may be used as if provided in all six cases; provided, however, that plaintiffs in the six cases shall be limited to a total of 25 interrogatories;

(2) That each plaintiff shall have the right to use the deposition testimony of any Thomson witness as if provided in all six cases; provided, however, that plaintiffs in the six cases shall be limited to a total of 10 depositions and shall not be entitled to increase the number of hours for each deposition beyond the statutory cap of 1 day of 7 hours;

(3) That the non-expert discovery deadlines for discovery of Thomson in *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK, be set as the same date as the other four cases: December 12, 2022;

(4) That the non-expert discovery deadlines for discovery of plaintiffs in *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK, which are yet to be set, shall not conform to the discovery deadlines of the other four cases; and

(5) That this stipulation does not apply to Thomson's discovery of plaintiffs in the six cases.

The parties further request that *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK be re-assigned to Judge Jennifer L. Thurston, and that Judge Sheila K. Oberto be the Temporary Magistrate Judge for *Sams* and *Austin*.

Dated: June 6, 2022

MURPHY & MURPHY LAW OFFICES

/s/ Craig Murphy
Craig Murphy, Esq.
Attorneys for Plaintiff
ANNTONETTE SARTORI

Dated: June 3, 2022

GREENAN. PEFFER, SALLANDER & LALLY LLP

By: /s/ Robert L. Sallander
Robert L. Sallander, Esq.
Helen H. Chen, Esq.
Attorneys for Defendant
THOMSON INTERNATIONAL, INC.

**ORDER RE: CONSOLIDATION OF DISCOVERY OF DEFENDANT THOMSON INTERNATIONAL, INC. IN SIX CASES**

The Court has reviewed the parties' above stipulation motion to consolidate discovery. (Doc. 13.) Six cases have been filed against Defendant Thomson International, Inc. ("Thomson") in this Court:

1. *Sartori v. Thomson International Inc.*, Case No. 1:22-cv-00027-JLT-BAK (SKO)
2. *Garofalo v. Thomson International Inc.*, Case No. 1:22-cv-00037-JLT-BAK (SKO)
3. *Paquette v. Thomson International Inc.*, Case No. 1:22-cv-00034-JLT-BAK (SKO)
4. *Jackson v. Thomson International Inc.*, Case No. 1:22-cv-00038-JLT-BAK (SKO)
5. *Austin v. Thomson International Inc.*, Case No. 1:22-cv-00388-AWI-BAK
6. *Sams v. Thomson International Inc.*, Case No. 1:22-cv-00387-DAD-BAK

Because all six cases arise from allegations against Defendant Thomson for allegedly causing the 2020 *Salmonella* Newport outbreak, consolidating the discovery of Thomson allows the cases to be handled in the most efficient way and avoid inconsistent results. Consolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of pretrial discovery and motion practice.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1. The discovery of Thomson in all six cases is consolidated pursuant to Fed. R. Civ. P. 42(a)(3);
2. The discovery of Thomson conducted and completed in one of the above six cases may be used as if provided in all six cases; provided, however, that plaintiffs in the six cases shall be limited to a total of 25 interrogatories;
3. Each plaintiff shall have the right to use the deposition testimony of any Thomson witness as if provided in all six cases; provided, however, that plaintiffs in the six cases shall be limited to a total of 10 depositions and shall not be entitled to increase the number of hours for each deposition beyond the statutory cap of 1 day of 7 hours;

4. The non-expert discovery deadlines for discovery of Thomson in *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK, and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK, will be set for December 12, 2022, the same date as the other four cases;

5. The non-expert discovery deadlines for discovery of plaintiffs in *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK, and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK, which have yet to be set, shall not conform to the discovery deadlines of the other four cases; and

6. This Order does not apply to Thomson's discovery of plaintiffs in the six cases.

As for the parties' requests for reassignment in related cases *Austin v. Thomson International, Inc.*, Case No. 1:22-cv-00388-AWI-BAK, and *Sams v. Thomson International, Inc.*, Case No. 1:22-cv-00387-DAD-BAK, the parties are ORDERED to file a Notice of Related Cases as a separate document in each related action pursuant to Local Rule 123(b) **by no later than June 10, 2022.** The hearing on the stipulated motion, currently set for July 11, 2022, is hereby VACATED.

The Clerk of the Court is DIRECTED to file this order in each of the six above-referenced cases.

IT IS SO ORDERED.

Dated: **June 6, 2022**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE